**Deny and Opinion Filed December 1, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01417-CV

### IN RE TRACY NIXON, Relator

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 00-14691-T**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Relator Tracy Nixon filed a petition and supplemental petition for writ of mandamus requesting this Court to order the presiding judge of the 301st Judicial District Court (1) to transfer the motion to enforce child support from the IV-D court to the district court and (2) to grant his petition to terminate his parental rights. To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

With respect to his first complaint, relator asserts he objected to the IV-D associate judge hearing the child support enforcement motion and, under sections 75.551(b) and 74.053 of the government code, is therefore entitled to "automatic removal." Neither statute applies. *See* TEX. GOV'T CODE ANN. §§ 74.053 (governing objections to judges assigned to trial court); 75.551(b) (governing objections to judge or justice assigned for appellate court) (West 2013). Title IV-D

associate judges in the family courts are governed by subchapter B of chapter 201 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 201.101–.113 (West 2014 & Supp. 2015). Nothing in this subchapter provides a general right to object to the IV-D associate judge hearing a IV-D matter. *See id.*

With respect to his second complaint, appellant complains the trial court is "unwilling" to grant his petition to terminate his parental rights even though the children have reached the age of eighteen and have graduated from high school and Mother has not filed an answer to his petition. Appellant has not shown the trial court has ruled on his petition or has refused to rule.

We conclude relator has not shown he is entitled to relief. Accordingly, we deny the petition and supplemental petition for writ of mandamus.

151417F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE
